People's Telephone and Telegraph Company *v.* Berks and Dauphin Turnpike Road, Appellant.

*Telephone companies—Telegraph companies—Turnpike road companies —Acts of April 29, 1874, P. L. 73, May 1, 1876, P. L. 90, and June 25, 1885, P. L. 164.*

A statute applicable to telegraph companies is also applicable to telephone companies.

A turnpike road when used by the public is a public highway, and under the act of April 29, 1874, a telephone company may locate and construct a line of telegraph poles and wire upon a turnpike road, provided that such location and construction does not incommode the public use of the road.

Argued Feb. 18, 1901. Appeal, No. 90, Jan. T., 1901, by defendant, from decree of C. P. Lebanon Co., Equity Docket, 1899, No. 4, on bill in equity in case of the People's Telephone and Telegraph Company v. The President, Managers and Company of the Berks and Dauphin Turnpike Road. Before McCollum, C. J., Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for an injunction.

Ehrgood, P. J., filed the following opinion:

The plaintiff is a corporation, duly incorporated on March 29, 1897, under the general corporation act, approved April 29,

1874, and its supplements, " for the purpose of erecting and constructing, maintaining, purchasing, leasing and operating telephone and telegraph lines and exchanges in and through the city of Allentown, and county of Lehigh and vicinity, and the other several counties in the state of Pennsylvania, with the right to make connections for the purpose of its business with other similar lines in the several counties of said state and other states and for the transaction of any business in which the transmission of electricity over and through wires or cables may be applied for any useful purpose."

By ordinance duly passed and approved September 3, 1897, the proper municipal authorities of the city of Lebanon gave permission to the plaintiff company to erect poles and run wires on the same over the streets, lanes and alleys of the said city of Lebanon, and during the year 1898, in the location of its lines, the plaintiff company proceeded to construct a line through the city and county of Lebanon.

The defendant company is a corporation, duly incorporated under and by virtue of the act of general assembly of the commonwealth of Pennsylvania, approved March 2, 1805, and its several supplements, for the purpose of making an artificial road from the Schuylkill river at Reading, in the county of Berks, to or near Hummelstown in the county of Dauphin, which it located and constructed and since its completion maintains and operates as a public highway, and which traverses the said city and county of Lebanon.

The plaintiff company has located a line, connecting with their constructed line in the said city of Lebanon, from a point in the township of North Lebanon, near the corner of Front street, in the said city of Lebanon, and the Berks and Dauphin turnpike road, to the village of Avon in said township, close to the fence on the north side of said turnpike road, but not on the traveled part, nor on the roadbed thereof, and in line with the poles of the Western Union Telegraph Company. The poles proposed to be erected by the plaintiff company to be ten feet higher than those of said telegraph company.

The plaintiff company proceeded to erect its poles on the line located as above set forth. The first pole was put up at the corner of said turnpike road and the first road running north beyond the railway crossing at Avon, and other poles were dis-

tributed along said located line.   On December 20, 1899, the
defendant company cut down and removed the said pole erected
by the plaintiff, and also removed a number of other poles which
the plaintiff intended to use in the construction of its located
line, and the defendant company has expressed its determina-
tion and intention to resist the erection of any poles along the
line of said turnpike road located as aforesaid, and has threat-
ened to cut down and remove any poles which the plaintiff may
erect, and which are necessary for the purpose of operating said
telephone line.

The erection and construction of the proposed telephone line
on the line as located on the north side of said turnpike road
by the plaintiff company will not incommode the public use and
travel on the said turnpike.

The authority under which the plaintiff proposes to erect its
telephone line on defendant company's turnpike road is statu-
tory, and the statutes are applicable : The general corporation
act of April 29, 1874, which in section 33 provides as follows :
The charter for the incorporation of a company to maintain a
telegraph line shall in addition to what is hereinbefore required,
also state :

1. The general route of the line of telegraph.

2. The points to be connected.

Clause 1. Such incorporation shall be authorized, when in-
corporated as hereinbefore provided, to construct lines of tele-
graph along and upon any of the public roads, streets, lands or
highways, or across any of the waters within the limits of this
state, by the erection of the necessary fixtures, including posts,
piers or abutments for sustaining the cords or wires of such
lines, but the same shall not be so constructed as to incommode
the public use of said roads, streets or highways, or injuriously
interrupt the navigation of said waters ; and this act shall not
be so construed as to authorize the construction of a bridge
across any of the waters of this state.

Section 3 of the Act of May 1, 1876, P. L. 90, which pro-
vides : That in lieu of the requirements of the first paragraph
of the 33d section of the act to which this is supplementary,
approved April 29, 1874, the charter for the incorporation of
companies under the provisions of this act shall state :

1. In what counties in this state it is proposed to carry on
business :

2. In what other states it is proposed to carry on business.

And the 4th section of said act as amended by the Act of June 25, 1885, P. L. 164, which provides: That before the exercise of any of the powers given under this act, application shall first be made to the municipal authorities of the city, town or borough in which it is proposed to exercise said powers, for permission to erect poles or run wires on the same, or over or under any of the streets, lanes or alleys of said city, town or borough, which permission shall be given by ordinance only, and may impose such conditions and regulations as the municipal authorities may deem necessary.

The municipal authorities as contemplated by the act of assembly, whose permission must be obtained by ordinance before a telephone company can exercise any of the powers given under said act, are such as have power to pass ordinances, and do not include individuals, townships and incorporated towns nor turnpike companies.

The provisions of these several acts of assembly apply to telephone companies as well as to the telegraph companies.

Judge RICE in Central Penna. Telephone & Supply Company v. Wilkes-Barre and West Side Ry. Co., 11 Pa. C. C. R 418, says: "A telephone is now regarded as a species of telegraph; hence it has been held that a statute applicable to the incorporation of telegraph companies may be deemed to apply to telephone companies although the latter are not named."

Judge SIMONTON, in Commonwealth v. Penna. Telephone Co., 42 Leg. Int. 180, held that a telephone company incorporated under the act of 1874, and its supplement of 1876, is a telegraph company within the meaning of the revenue act of 1879.

In 25 Am. & Eng. Ency. of Law, p. 746, it is stated that "as a rule a statute concerning telegraphs, in the absence of special controlling conditions, may apply to telephones as well." And this rule is sustained by a number of citations in the notes on the same page. That the highways of the state are within the control of the legislature is well settled. The legislature has full power and jurisdiction over the highways of the state and may consent to their use by legislative enactment for the purposes of telephone lines as a means to facilitate communications in the daily transactions of business, not only between the citi-

zens of the same community, but of citizens of one community with those of another, and thereby accommodating the public at large.

The defendant company's turnpike road was located and constructed by virtue of legislative enactment and for public purposes, and as we said in Northern Central R. R. Co. v. Com., 90 Pa. 306, "It differs from a common highway in the fact that it is not constructed, in the first instance, at the public expense, and the cost of construction is reimbursed by the payment of toll imposed by authority of law. Its use is common to all who comply with the law. Common understanding and public use unite in requiring us to hold that a turnpike is a public highway."

A turnpike road can be constructed and opened under authority of law only. When used by the public it becomes a public highway: Pittsburg, etc., R. R. Co. v. Com., 104 Pa. 583. Judge RICE in McManus's Appeal, 5 Pa. Superior Ct. 65, says: "Nothing is better established than that a turnpike road is a public highway, and every traveler has the same right to use it upon payment of toll established by law as he would have to use any other public highway."

The plaintiff company, therefore, is authorized under the laws of the commonwealth to locate and construct a telephone line on the public highway, known as the Berks and Dauphin Turnpike Road, in the county of Lebanon, and if located and constructed so as not to incommode the public use of said highways; the defendant company cannot be permitted to interfere with its construction and operation as threatened. What has already been done by the defendant by way of interfering with plaintiff in its construction of its telephone line can be compensated in damages and a court of equity would not interfere, but what is threatened by the defendant to be done if the plaintiff proceeds to do what under the law it has a right to do, viz: erect and construct its telephone line as located, demands the exercise of the restraining power of the court and warrants interference by injunction.

And now, February 15, 1900, the above cause came on to be heard on January 26, 1900, on bill, answer and proofs, it is ordered, adjudged and decreed as follows: That the defendant corporation, its officers, managers, agents and employees, it, they and each of them are hereby restrained and enjoined here-

after from cutting down, overthrowing and removing any of its poles and fixtures which the plaintiff may erect to sustain the wires of its proposed line and from interfering with the erection or maintenance by the plaintiff of said poles and fixtures along the north side of said turnpike road close to the fence, not on the traveled part nor on the roadbed thereof nor at any place which will not incommode the public use and travel on said public highway. It is further ordered that the defendant pay the costs of this proceeding.

*Error assigned* was the decree of the court.

*Cyrus G. Derr*, with him *Grant Weidman, Jr.*, for appellant.—The appellee telephone company does not, under the acts of assembly applicable to it, possess the unqualified right to erect poles upon and string wires over and along the appellant's turnpike: Huntingdon, etc., Turnpike Co. v. Wallace, 8 Watts, 316.

The acts of assembly relating to telegraph companies, interpreted in the light of the usual canons of construction, give to telephone companies no right to erect their poles on a turnpike owned by and in the possession of a turnpike corporation: Kepner v. Com., 40 Pa. 124.

If, upon any theory, the appellee corporation has the right to erect its poles upon the appellant corporation's turnpike, the court below should have provided in its decree for the giving of security to the appellant corporation for any damages that might result from the exercise of such right by the appellee corporation.

*Thomas H. Capp*, with him *S. P. Light*, for appellee.—Telephone companies are included in the 3d clause of section 33 of the corporation act of 1874: Bell Tel. Co. v. Com., 3 Atl. Repr. 825; Wisconsin Tel. Co. v. Oshkosh, 62 Wis. 32; Com. v. Penna. Tel. Co., 2 Dauphin County Rep. 57; Central Penna. Tel. & Supply Co. v. Wilkes-Barre & West Side Ry. Co., 11 Pa. C. C. R. 418; Thompson on Electricity, sec. 101.

The Berks and Dauphin Turnpike Road comes within the provisions of the act of 1874 and its several supplements, and is a public highway within the meaning of said acts of assembly:

Northern Central Ry. Co. v. Com., 90 Pa. 300; Pittsburg, Mc-Keesport & Youghiogheny R. R. Co. v. Com., 104 Pa. 583; McManus's App., 5 Pa. Superior Ct. 65; Berks & Dauphin Turnpike Road v. Lebanon Steam Co., 5 Pa. C. C. R. 354; Case of Phila. & Trenton R. R. Co., 6 Whart. 25; Reed v. City of Erie, 79 Pa. 346; Com. v. Erie & North-East R. R. Co., 27 Pa. 339; Lockhart v. Craig St. Ry. Co., 139 Pa. 419.

PER CURIAM, May 27, 1901:

On a careful consideration of this case the decree is affirmed on the opinion of the court below.

Decree affirmed and appeal dismissed at the cost of the appellant.