## Berks & Dauphin Turnpike Road v. American Telegraph & Telephone Company, Appellant.

*Contracts—Mistake of law—Rescission—Turnpike companies— Telegraph and telephone companies—Contract for erection of telegraph line.*

Where a turnpike company, incorporated under the Act of March 2, 1805, P. L. 75, makes a contract with a telegraph and telephone company incorporated under the Act of April 29, 1874, P. L. 73, by which the latter company is granted the right for the period of ninety-nine years to construct and maintain its lines over the turnpike road, and the telegraph company agrees to conform to regulations as to the erection of its poles and to pay a rental of $10.00 per year for each mile or fraction of a mile which it might use, it cannot after several miles of poles have been erected, and the rent has been regularly paid for a period of some eleven years, cease to pay rent on the theory that it might have located its lines upon the turnpike without securing the consent of the turnpike company. Under such circumstances, where the parties have agreed in writing for the adjustment of their difficulties, with mutual rights and obligations on both sides, the contract will be enforced. People's Telephone & Telegraph Co. v. Berks & Dauphin Turnpike Road, 199 Pa. 411, distinguished.

Argued February 18, 1913. Appeal, No. 256, Jan. T.,

1912, by defendant, from judgment of C. P. Lebanon Co., Sept. T., 1911, No. 4, for plaintiff for want of a sufficient affidavit of defense in case of The President, Managers and Company of the Berks and Dauphin Turnpike Road v. The American Telegraph and Telephone Company. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ.  Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.  Before HENRY, P. J.

The opinion of the Supreme Court states the case.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.  Plaintiff appealed.

*Error assigned* was the action of the court in entering judgment.

*Richmond L. Jones,* with him *S. P. Light,* for appellant.

*Cyrus G. Derr,* with him *Grant Weidman,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 31, 1913:

The plaintiff was incorporated under the Act of March 2, 1805, P. L. 75, to construct and maintain a tollroad, with power to purchase, take and hold "in fee simple, and for any less estate, all such lands......and estates, as shall be necessary"; the road to be "laid out sixty feet wide and at least twenty-one feet thereof to be an artificial road bedded with stone," and to be forever thereafter maintained and kept in "good and perfect order and repair."  By Section 4, of the Act of April 19, 1843, P. L. 342, the charter requirement to keep the road in good repair to the width of sixty feet, was changed to fifty feet.  The defendant was incorporated under the Act of April 29, 1874, P. L. 73, and the several

statutes relating to telegraph and telephone companies. On September 23, 1890, these two companies entered into a written contract under their respective corporate seals, by which the plaintiff granted to the defendant for the period of ninety-nine years "the right to construct, operate and maintain its lines upon, over and along the turnpike road," reserving to itself the right to designate the location of the defendant's poles; and the defendant agreed that upon notice it would move such poles to conform to any improvements or changes in the road, and would pay a rental of $10 per year for each mile or fractional part of a mile which it might use. Twenty-three miles of poles were erected, and up to September 23, 1901, the annual rental was regularly paid, but none has been paid since that time.

The action was upon the contract to secure payment of the rent to the date of suit. The defendant filed an affidavit of defense in which it admitted the execution of the contract and the nonpayment of the rent, but averred that the agreement was without consideration and void, in that the plaintiff had no power or authority to make the grant intended thereby, and that the contract was entered into under a mutual mistake as to the rights of the parties, in that the defendant had a legal right to construct and maintain its lines upon the turnpike without securing the consent of the plaintiff. The court below entered judgment for want of a sufficient affidavit of defense, and the defendant has appealed.

The appellant relies upon the case of the People's Telegraph & Telephone Co. v. Berks & Dauphin Turnpike Road, 199 Pa. 411. That case does not control the present one; there the turnpike company arbitrarily refused to permit the telephone company to enter upon its road; it cut down and removed the latter's poles as they were put up, and expressed its determination to resist the erection of any poles along the line of the turnpike. The parties having assumed an antagonistic attitude toward each other instead of coming to an agree-

ment so that each might exercise its corporate rights, the matter was brought before a court of equity, and the chancellor properly held that "the defendant company cannot be permitted to interfere with its (the plaintiff company's) construction and operation as threatened"; this was followed by a decree designating a line along which the plaintiff might place its poles and restraining the defendant from interfering with their erection or maintenance. There is nothing in the case that rules, or from which it can be reasoned that, had the parties adjusted their differences by a written agreement, such a contract could not be supported in law. The plaintiff constructed the turnpike, and this, as stated by the learned court below, "necessarily embraced the leveling of hills, the filling of depressions and the bridging of streams"; it was obligated to keep fifty feet of its roadway in repair and clear of obstructions, and was entitled to full control for that purpose, and to the use of the sides of the road for drainage and support. The turnpike company had the right to be consulted and to impose proper terms and conditions before the telephone company could break the surface of its road; and if the two corporations saw fit, as they did, to enter into a written agreement under their respective seals stipulating terms and conditions for the maintenance of their mutual rights, there is nothing in the law which forbids the enforcement of the contract. As recently said in Suburban Rapid Transit Street Railway Co. v. Monongahela Natural Gas Co., 230 Pa. 109, 113, "In the absence of any fraud or deception, if the (defendant company) with its eyes open saw fit to agree to pay a certain continuing consideration for the privilege it sought, then no matter what the privilege may be termed, so long as its fruits are enjoyed, the consideration agreed upon must be paid."

The assignments of error are overruled and the judgment is affirmed.