## Cochranton Telephone Company, Appellant, *v.* Public Service Commission.

*Corporations—Consolidation and merger—Telephone companies —Telegraph companies—Constitution of Pennsylvania, Art. XVII, Sec. 12.*

A telephone company is a telegraph company within the meaning of Section 12, of Art. XVII, of the Constitution of Pennsylvania, which forbids the consolidation of telegraph companies.

No statutory authority exists in this State for the creation of a telephone company eo nomine.   Whatever corporate powers such companies have, are acquired by incorporation as telegraph companies.   The act of assembly does not prescribe the appliances with which the business of the company shall be carried on.   The intention was to provide through corporate agencies for the transmission of messages over wires by electricity between points more or less distant.

The Act of May 1, 1876, P. L. 90, supplementing the general Corporation Act of April 29, 1874, P. L. 93, does not enlarge the class of corporations to which it applies because of the use of the clause "or for the transaction of any business in which electricity over or through wires may be applied to any useful purpose."   The Act of 1876 relates only to the "constructing, maintaining and leasing lines of telegraph."

Argued April 11, 1918.  Appeal, No. 97, April T., 1918, by plaintiffs, from order of Public Service Commission, No. 567, 1916, dismissing petition in case of Cochranton Telephone Co. and Merchants & Farmers Tel. Co. & Petroleum Telephone Company of Oil City et al. v. Public Service Commission.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Petition for the approval of an agreement of consolidation of two telephone companies.  The case turned on the question whether a telephone company was a telegraph company within the meaning of Sec. 12, Article XVII, of the Constitution of Pennsylvania.

The Public Service Commission held that the consolidation was forbidden by the constitutional provision, and dismissed the petition.

*Error assigned* was order dismissing the petition.

*Frank J. Thomas, Thomas Patterson* and *P. M. Speer,* with them *P. M. Speer,* for appellants.—A telephone company is not a telegraph company: Attorney General v. Edison Tel. Co. of London, 6 Q. B. D. 244; Franklin v. Northwestern Tel. Co., 28 N. W. 461; Hudson River Tel. Co. v. Watervliet Turnpike & R. Co., 32 N. E. 148; Northwestern Tel. Exchange Co. v. Chicago, M. & St. P. Ry., 79 N. W. 315; Richmond v. Southern Bell Tel. & Tel. Co., 174 U. S. 761; Home Tel. Co. v. City of Nashville, 101 S. W. 770.

It is also necessary to keep in mind that at the time of the adoption of the Constitution, the telephone had not been discovered, but was given to the world in 1876.

Neither the convention which framed the Constitution nor the people who adopted it could have meant that the term "telegraph" by them used should include the telephone as now known, for the reason that they had no knowledge of the telephone: Com. v. Hartman, 17 Pa.

118; Fox v. McDonald, 21 L. R. A. 529; 101 Ala. 51; U.
S. v. Wong Kim Ark. 169 U. S. 694; Ex parte Russell,
126 Pac. Rep. 875, 163 Cal. 668; People v. Harding, 19
N. W. 155; Com. v. Erie & North East R. R. Co., 27 Pa.
339; Com. v. Hyneman, 242 Pa. 244; Com. v. Bell, 145
Pa. 374; Dryden v. Pittsburgh, Etc., Railway Co., 208
Pa. 316; Cronise v. Cronise, 54 Pa. 255; Moers v. City
of Reading, 21 Pa. 188; Laird v. Sims, 58 L. R. A. (n. s.)
519; 16 Ari. 521; Dred Scott v. Sanford, 60 U. S. 393;
Lake County v. Rollins, 130 U. S. 662.

*Berne H. Evans,* for Public Service Commission.—No
case has been found in which the courts have said that
telephone companies are not bound by the law relating
to telegraph companies: Central Penna. Tel. Co. v.
Wilkes-Barre & West Side Ry. Co., 1 Pa. D. R. 629; York
Tel. Co. v. Keesey, 5 Pa. D. R. 366; Peoples Tel. & Tel.
Co. v. Berks & Dauphin Turnpike Road, 199 Pa. 411;
Bradford City v. Penna. & New York T. & T. Co., 26 Pa.
C. C. R. 321.

OPINION BY HENDERSON, J., July 10, 1918:

The question presented for our consideration arises on
an appeal from an order of the Public Service Commission. The Cochranton Telephone Company and the Merchants' and Farmers' Telephone Company presented an
application to the commission for the approval of an
agreement of consolidation and merger of the rights,
franchises and property of the two companies. This application was refused by the commission for the reason
that the companies are subject to the provisions of Section 12 of Article 17 of the Constitution of the Commonwealth which forbids the consolidation of telegraph companies and that the companies proposing to consolidate
are telegraph companies. The question for determination is clearly defined, therefore. We are
asked by the appellants to declare that telephone
companies are not within the prohibition of the Constitu-

tion referred to, while it is contended on behalf of the commission that a telephone company is a telegraph company and subject to the constitutional and statutory restrictions against the consolidation of such companies. The first named company was incorporated under the thirty-third section of the Act of April 29, 1874, "for the purpose of constructing, maintaining and leasing telephone and telegraph lines for the private use of individuals, firms and corporations, municipal and otherwise and for general business and for police, fire alarm and messenger business and the operation of telephone exchanges and doing a general telephone and telegraph business with all the rights and powers in said acts granted." The other company was incorporated under the same act for the purpose of constructing, maintaining and operating lines of telephones in the counties of Crawford, Venango and Mercer.

No statutory authority exists in this State for the creation of a telephone company eo nomine. Whatever corporate powers such companies have are acquired by incorporation as telegraph companies. The act of assembly does not prescribe the appliances with which the business of the company shall be carried on. The intention was to provide through corporate agencies for the transmission of messages over wires by electricity between points more or less distant. It is a legitimate inference that the provision of the Constitution was framed and the statute providing for the incorporation of telegraph companies enacted on the assumption that improvements might be made in the mechanical and scientific methods then in use as suggested by experience and enlarged knowledge of the principles of physics involved in this use of electricity. The resemblance in the system of communication by telegraph and telephone are sufficiently close to have led the courts in numerous cases to hold that a telephone is a telegraph and the legislation relating to telegraphs was sufficiently comprehensive to cover telephones. This was the basis of the conclusion of Judge

SIMONTON in Com. v. Penna. Telephone Co., 42 Pa. Leg. Int. 180. The same view was expressed by Judge RICE in Cen. Penna. Telephone Co. v. Wilkes-Barre and W. Side Ry. Co., 1 Dist. Rep. 629, in an opinion containing many citations of authority. Mr. Justice STEWART when presiding in the Court of Common Pleas of Franklin County gave a like decision in the York Tel. Co. v. Keesey, 5 Dist. Rep. 366. In the opinion filed in that case the court speaking of the incorporation of a telephone company under the Act of 1874, and the supplement of May 1, 1876, P. L. 90, said "Of course a company could not be incorporated with the right to take property either public or private for private business and if this be the intent of the act it would be unconstitutional. But a telephone company is not so incorporated. It is a telegraph company, equipped with the right of eminent domain, and, like a telegraph company, is a quasi public corporation, and must serve everyone who applies for its service on equal terms." To the same effect was the decision of Judge MORRISON in Bradford City v. Penna. & N. Y. Tel. and Tel. Co., 26 Pa. C. C. 321. The status of a telephone company was considered by Judge ARNOLD in Bell Tel. Co. of Philadelphia v. Com., 3 Atl. Rep. 825, in which it was held that such a Pennsylvania company incorporated under the Act of 1874, is subject to the provisions of that act. This decision was affirmed by the Supreme Court. In Peoples Tel. & Tel. Co. v. Berks & Dauphin Turnpike Road, 199 Pa. 411, it was held that a telephone company was a telegraph company within the meaning of the Act of 1874, and the supplement of 1876, and therefore entitled to the use of the public highway as granted to a telegraph company. Decisions in other jurisdictions support the Pennsylvania cases. A well-known case is Atty. Gen. v. The Edison Telephone Co., 6 Q. B. D. 244. In Chesapeake & Potomac Tel. Co. v. B. & O. Tel. Co., 66 Md. 399, the same line of reasoning was adopted. State of New Jersey v. Cen. N. J. Tel. Co., 53 N. J. L. 341; Hudson River Tel. Co. v. Watervliet Turnpike Co., 135

N. Y. 393; Franklin N. W. Tel. Co., 69 Ia. 97, and Wis. Tel. Co. v. City of Oshkosh, 62 Wis. 32, are of the same purport. When we consider that the appellants only exist by virtue of the statutes which provide for the incorporation of telegraph companies the conclusion seems to be necessary that they are governed by the legislation affecting corporations of that class. It may be they are exercising functions not generally recognized as those in use by telegraph companies but they have all the corporate powers of corporations of that kind and may enter upon the performance of telegraphic service even if a distinction be made in law between a telephone and a telegraph. What a telegraph company can do they may do. What a telegraph is forbidden to do they are not allowed to do. It is urged that the Act of May 1, 1876, supplementing the Act of 1874, enlarges the class of corporations to which it applies because of the use of the clause "or for the transaction of any business in which electricity over or through wires may be applied to any useful purpose." A sufficient reply to this argument, however, is that the Act of 1876 relates only to the "constructing, maintaining and leasing lines of telegraph." It perhaps enlarges the uses to which telegraphic service could be applied but the whole subject is telegraph service. We find nothing, therefore, in the statutes of the Commonwealth which specially provides for the creation and regulation of telephone companies. The decision in Richmond v. So. Bell Tel. and Tel. Co., 174 U. S. 761, on which the appellants strongly rely is not inconsistent with the decisions of the Pennsylvania courts when the question at issue in that case is considered. The plaintiff in that action alleged that it had accepted the Act of Congress of July 24, 1866, and that by virtue of such acceptance it became entitled to construct, maintain and operate lines of telephones over any of the military roads and post roads of the United States which had been then or might thereafter be declared such by law and that the streets of the City of Richmond were post roads of the

United States which the plaintiff desired to use for the location of its posts and wires without regard to the consent of that city. The act of Congress referred to related only to telegraph companies and the question was whether the plaintiff was a telegraph company within the meaning of the act of Congress. The decision turns largely on the ascertainment of the intention of Congress as indicated by the terms of the statute. The substance of the decision is that the Congress had in view in granting the extensive powers described in the act telegraph companies and telegraph service as known at that time and that the plaintiff was not such telegraph company. It was performing a different service. It did not claim to be performing telegraph service. Whatever its charter power might be therefore, it was not engaged in an activity such as the Congress had in contemplation. It was only the corporation performing the service which telegraph companies were performing at the time the act of Congress was passed that were entitled to the privileges granted. No argument is required to show that the merger of two Pennsylvania corporations must be authorized by statute. No statute exists providing for the merger of telephone companies. Resort must be had to some other legislation if such a result is to be accomplished. When the other statute is found it relates to telegraph companies and in that legislation as well as in the Constitution a merger of such corporations is forbidden. The necessary conclusion is that the application was properly refused.

The order of the commission is therefore affirmed and the appeal dismissed at the cost of the appellants.

KEPHART and TREXLER, JJ., dissent.