# Cochranton Telephone Company et al., Appellants, *v.* Public Service Commission.

*Telephone companies—Merger—Competing lines—Classification —Public policy — Constitutional law — Article VI, Section 12, of the Constitution.*

1. The Pennsylvania statutes and constitutional provisions relative to the consolidation of telegraph companies are applicable to telephone companies and therefore a merger of telephone companies owning competing lines violates Article VI, Section 12, of the Constitution providing that "no telegraph company shall consolidate with or hold a controlling interest in the stock or bonds of any other telegraph company owning a competing line." .

2. Telephone companies in Pennsylvania, existing only under statutes providing for the incorporation of telegraph companies, are classified with them, and, this being in the nature of a pronouncement of public policy by the legislature along lines of expediency, the courts are bound thereby, at least so long as the legislative attitude continues.

Argued Jan. 8, 1919. Appeal, No. 163, Jan. T., 1919, by plaintiffs, from judgment of Superior Court, April T., 1918, No. 97, affirming order of Public Service Commission, dismissing petition in case of Cochranton Telephone Company and Merchants' & Farmers' Telephone Co., Appellants, and Petroleum Telephone Company of Oil City et al., Intervenors, v. Public Service Commission. Before STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Appeal from judgment of Superior Court. See 70 Pa. Superior Ct. 212.

Appeal from order of Public Service Commission. The Superior Court affirmed the order. Plaintiffs appealed.

*Error assigned* was order of Superior Court.

*Frank J. Thomas,* with him *Paul E. Thomas,* for appellants.—A telephone company is not a telegraph com-

pany: Wisconsin Tel. Co. v. Oshkosh, 21 N. W. 828; Cumberland Tel. & Tel. Co. v. United Electric Ry. Co., 42 Fed. 273; Duke v. Central New Jersey Tel. Co., 53 N. J. L. 341; Hudson River Tel. Co. v. Watervliet Turnpike & R. Co., 32 N. E. 148; Northwestern Tel. Exchange Co. v. Chicago, M. & St. P. Ry., 79 N. W. 315; Richmond v. Southern Bell Tel. & Tel. Co., 174 U. S. 761; Davis v. Pacific Tel. & Tel. Co., 59 Pac. Rep. 698; Sunset Tel. & Tel. Co. v. City of Pasadena, 118 Pac. 796; Central Pa. Tel. & Supply Co. v. Wilkes-Barre & West Side Ry. Co., 1 Pa. Dist. R. 628; Peoples Tel. & Tel. Co. v. Berks & Dauphin Turnpike Road, 199 Pa. 411; Bradford City v. Penna. & New York Tel. & Tel. Co., 26 Pa. C. C. R. 321; Central Dist. & Printing Tel. Co. v. Homer City Borough, 242 Pa. 597; Penna. Tel. Co. v. Hoover, 24 Pa. Superior Ct. 966; Pfoutz v. Penna. Tel. Co., 27 Pa. C. C. R. 105.

The consolidation and merger prayed for is constitutional: Com. v. Hartman, 17 Pa. 118; Com. v. Erie & North East R. R. Co., 27 Pa. 339; Com. v. Hyneman, 242 Pa. 244; Com. v. Bell, 145 Pa. 374; Dryden v. Pittsburgh, etc., Ry. Co., 208 Pa. 316; Cronise v. Cronise, 54 Pa. 255; Moers v. City of Reading, 21 Pa. 188.

*Thomas Patterson* filed a separate brief for appellants.

*Peter M. Speer,* for intervenors.

*Berne H. Evans,* with him *John Fox Weiss,* for Public Service Commission.

OPINION BY MR. JUSTICE MOSCHZISKER, February 10, 1919:

This is an appeal by two companies, owning competing telephone lines, from a judgment of the Superior Court, which affirmed an order of the Public Service Commission refusing certificates of public convenience, for the con-

solidation and merger of these two corporations, on the ground that, under the laws of Pennsylvania, corporations operating telephone lines have the status of telegraph companies, and, as such, are subject to Section 12, Article VI, of our Constitution, which provides, inter alia, that "No telegraph company shall consolidate with or hold a controlling interest in the stock or bonds of any other telegraph company owning a competing line."

Constitutions deal in general language and are "not intended to provide merely for the exigencies of a few years," but to endure "through a long lapse" of time, says Mr. Justice STORY, in Martin v. Hunter, 14 U. S. 304, 326; granting that the sending of telephonic messages over wires was not specifically in the minds of the people when they adopted the Constitution of 1874, yet, if telephony is viewed as a form of telegraphy, the provision above quoted is broad enough reasonably to comprehend a company using the former instrumentality, and, when such a view is adopted, it is plain that our organic law expressly prohibits the merger of corporations owning competing telephone lines. Therefore, at the threshold of this case, it is essential to inquire what attitude, if any, the legislature of Pennsylvania has assumed as to the status of these corporations; and, if an established legislative view can be found, then, is it a reasonably sustainable one, and controlling here.

The answer is not difficult: Appellant companies, like all other Pennsylvania corporations of their character, exist only by virtue of statutes (Act of April 29, 1874, P. L. 73, 92, Section 33, and its supplement of May 1, 1876, P. L. 90) which provide for the incorporation of telegraph companies; they enjoy the right of eminent domain solely as telegraph companies, and have the powers and liabilities of such corporations, even though, for their own purposes, they may see fit to confine their activities to telephony. All of which brings us to the conclusion that, albeit popularly classified as telephone companies, corporations like appellants are governed

and controlled by the laws, constitutional and otherwise, relevant to telegraph companies.

The only statute called to our attention that undertakes to permit the consolidation of telephone companies, eo nomine, is the Act of June 14, 1901, P. L. 566, and this followed the prior Act of May 14, 1901, P. L. 349, as to telegraph companies, which, like the Constitution, forbids the consolidation and merger of competing lines. In fact, so far as research discloses, up to the present time our legislature has persistently treated corporations operating telephone lines as a mere species of telegraph companies and many of our leading jurists have taken a similar view, as shown by cases cited in the opinion of Judge HENDERSON: see Cochranton Telephone Co. v. Public Service Commission, 70 Pa. Superior Ct. 212, 216.

The propriety of the legislative view upon the subject in hand is not open to us for discussion, since it must be admitted the two systems—telephony and telegraphy —are enough alike, in character and general attributes, reasonably to justify the classification of companies operating either of them as of a kind; and this course on the part of the lawmaking power, being in the nature of a pronouncement of public policy along lines of expediency, is controlling with us (Riddle v. Pa. R. R. Co., 262 Pa. 582) at least so long as the present legislative attitude obtains. Hence, appellant corporations must be considered as telegraph companies; and, since they own competing lines, the constitutional inhibition against their merger applies.

Richmond v. Southern Bell Telephone Co., 174 U. S. 761, relied upon by appellants, does not rule here. There the meaning of an act of Congress, referring to telegraph companies, was involved, and it was held the statute did not include telephone companies; but the company there in question was incorporated under the laws of a different jurisdiction, and the element upon which we rule the present case (namely, the existence of a con-

trolling body of statutory law, according to which a telephone company, so called, has no corporate existence or actual recognition other than as a telegraph company) was neither present nor apropos. Moreover, while the decisions of the Federal Supreme Court are entitled to, and will always receive from us, the utmost consideration, they do not necessarily govern a case like the one at bar.

Guyer v. Phila., etc., Ry. Co., 136 Pa. 96, also cited by appellants, neither rules nor sheds any helpful light upon our present inquiry. That case involved the consolidation of certain street railways, which were not competing lines, and it was held that the constitutional inhibition against the merging of parallel and competing railroads did not apply. It differs from the case at bar in many respects, but particularly in the fact that, under our corporation laws, railroad and railway companies are not one and the same, in the sense that a charter for the first includes the second, while telegraph and telephone companies are precisely in that position.

Counsel for appellee contends that "telephone companies cannot combine competing lines so long as they are organized and operated as telegraph companies," but, admitting the public desirability of such a course, suggests legislation might be enacted, accompanied by appropriate merger laws, allowing the incorporation of telephone companies as separate and distinct entities from telegraph companies, and granting corporations of the latter kind, which are now operating solely as telephone companies, the right to take advantage of the new statutes, thus "removing telephone companies from the constitutional prohibition and permitting their combination." This court will not, however, pass upon the legal availibility of such a plan at the present time; nor do we intend to indicate an opinion on the question involved therein as to whether public service by telegraphy and telephony are so much alike in essential characteristics that, under any and all circumstances,

the constitutional provision against the merger of competing companies using the former system must, ex necessitate, govern companies incorporated for and exclusively employing the latter system. We rest our decision on the ground already taken that, under the subsisting statutes of Pennsylvania, a telephone company being nothing more nor less than a telegraph company, on the law as it now stands, appellants, perforce, are subject to the constitutional provision in question.

The judgment of the court below is affirmed.