# Shaffer, Appellant, *v.* Public Service Commission et al.

*Corporations—Telephone companies—Constitutional law—Act of July 22, 1919, P. L. 1123—Merger.*

1. A statute is void only when it clearly, palpably and plainly violates the Constitution.

2. A doubt as to the constitutionality of an act of assembly is to be resolved in favor of the validity of the act.

3. The Act of July 22, 1919, P. L. 1123, providing for the incorporation and regulation of telephone companies, does not violate article XVI, section 12, prohibiting the consolidation of telegraph companies.

4. At the time the Constitution of 1874 was adopted, the telephone was unknown, and could not have been in the minds of the members of the constitutional convention when they submitted their work to the people for approval.

5. Where a telephone company has charter rights as a telegraph company, it must surrender such rights when it merges with another telephone company.

Argued October 4, 1920. Appeal, No. 162, Jan. T., 1921, by plaintiff, intervener, from judgment of Superior Court, April T., 1920, No. 12, affirming order of the Public Service Commission, Application Docket, No. 3355, 1920, in case of William Shaffer, Intervener, v. Public Service Commission and Cochranton Telephone Co. and Merchants & Farmers Telephone Co. Before

BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALL-
ING, SIMPSON and KEPHART, JJ.   Affirmed.

Appeal from Superior Court.   See 74 Pa. Superior
Ct. 597.

The opinion of the Supreme Court states the case.

The Superior Court affirmed the order of the Public
Service Commission approving of the consolidation of
the two telephone companies.   William Shaffer, inter-
vener, appealed.

*Errors assigned* were action of Superior Court in not
sustaining assignments of error (1, 2) averring error
in the Public Service Commission in approving the
merger, and (3) in not holding it unconstitutional,
quoting record.

*John A. Northam,* for appellant.—That there are dis-
tinguishing features between a telegraph and telephone
is generally admitted, but there are many characteristics
which they possess in common and for general practical
purposes it has been regularly held that a telephone is a
telegraph: Com. v Penna. Tel. Co., 42 Pa. Leg. Int. 180;
Bradford City v. Tel. & Tel. Co., 26 Pa. C. C. R. 321;
Cochranton Tel. Co. v. Pub. Ser. Com., 70 Pa. Superior
Ct. 212.

*Frank J. Thomas,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, December 31,
1920:

The Cochranton Telephone Company and the Mer-
chants & Farmers Telephone Company presented their
petition to the Public Service Commission for permis-
sion to consolidate.   This permission was granted, and
an appeal to the Superior Court followed.   That court
affirmed the action of the commission: Shaffer v. Public
Service Commission, 74 Pa. Superior Ct. 597.   This ap-

peal from the order of the Superior Court is by an intervening stockholder of the Cochranton Telephone Company, and the only question raised is the constitutionality of the Act of July 22, 1919, P. L. 1123, under which the Public Service Commission approved the merger.

In the report of the commission approving the merger and in the opinion of the Superior Court affirming the commission's action there are references to testimony showing substantial differences between telegraph and telephone companies; but, without regard to this, there is a plain controlling reason why the Act of 1919 cannot be regarded as violative of article XVI, section 12, of the Constitution, prohibiting the consolidation of telegraph companies. An act of assembly is void only when it "clearly, palpably and plainly" violates the Constitution: Sharpless et al. v. Mayor of Phila., 21 Pa. 147; Com. v. Puder, 261 Pa. 129; and a doubt as to the constitutionality of an act of assembly is to be resolved in favor of the validity of the legislation: Com. ex rel. Wolfe v. Butler, 99 Pa. 535; Com. v. Grossman, 248 Pa. 11. Applying these touchstones to the statute under consideration, and remembering that at the time our present Constitution was adopted, the telephone, though perhaps appearing in the dreams of inventive genius, was utterly unknown, not only to the public, but to the intelligent framers of the Constitution as well, not even a doubt can arise as to the constitutionality of the Act of 1919. That of which nothing was known forty-seven years ago could not then have been in the minds of the members of the constitutional convention when they submitted their work to the people for approval; and what is not there forbidden the legislature may do. This is all that need be said in support of the validity of the legislation under consideration, and the order of the Superior Court is affirmed, upon condition that the Cochranton Telephone Company proceed forthwith to surrender all of its charter rights as a telegraph company. Upon the filing of a proper certificate with the prothono-

tary of the eastern district, showing such surrender, this appeal will be marked dismissed, at the costs of the appellant.