# Schaffer, Appellant, *v.* Public Service Commission.

*Telephone companies—Surrender of telegraph company's rights —Certificate of public convenience—Acts of April 9, 1856 P. L. 293, and July 22, 1919, P. L. 1123.*

Following the Act of July 22, 1919, P. L. 1123, proceedings by a telephone company in the common pleas to surrender telegraph company rights, should be taken before the certificate of public convenience for a merger is granted, and when such surrender is permitted, due proof should be made to the Public Service Commission; or, if, in any case, it is deemed more expedient, the order granting the certificate of public convenience may be made conditional on a decree being allowed under the Act of April 9, 1856, P. L. 293, and proof thereof filed with the commission.

Appeal, No. 162, Jan. T., 1921.  See 268 Pa. 456.

PER CURIAM, April 18, 1921:

This is an application by the Cochranton Telephone Company for the approval of a surrender of its charter rights as a telegraph company, so that it may take advantage effectively of the Act of July 22, 1919, P. L. 1123, in the matter of the purchase by it of a competing line.

The matter first came before the courts in Cochranton Telephone Company v. Public Service Commission, 70 Pa. Superior Ct. 212, where an order of the commission refusing to permit the proposed merger was approved. An appeal was taken to this court, and, in Cochranton Telephone Company v. Public Service Commission, 263 Pa. 506, we held, as shown by the syllabus to the report of the case, that (1) "the Pennsylvania statutes and constitutional provisions relative to the consolidation of telegraph companies are applicable to telephone com-

panies and therefore a merger of telephone companies owning competing lines violates article VI, section 12 of the Constitution, providing that 'no telegraph company shall consolidate with or hold a controlling interest in the stock or bonds of any other telegraph company owning a competing line'"; and (2) that "telephone companies in Pennsylvania, existing only under statutes providing for the incorporation of telegraph companies, are classified with them, and, this being in the nature of a pronouncement of public policy by the legislature along lines of expediency, the courts are bound thereby, at least so long as the legislative attitude continues."

Subsequently, the Act of 1919 was passed, which departs from the previously existing legislative policy and puts telephone companies in a separate class, giving the right to such companies, previously chartered as telegraph companies, to accept the benefits of the act. After the passage of this legislation, the Cochranton Company once more applied to the Public Service Commission for approval of the before-mentioned merger, which approval it obtained upon showing an acceptance of the act. The matter then again came on appeal to the Superior Court (Shaffer v. Public Service Commission, 74 Pa. Superior Ct. 597), and that tribunal sustained the validity of the Act of 1919, and held that, since the Cochranton Company had duly accepted the act, it thereby lost, "by necessary inference, the rights, privileges and immunities" previously enjoyed by it as a telegraph company "as well as the disabilities which were inseparably annexed" to it as such a corporation; but, when the case reached us (268 Pa. 456, 458), while affirming the decision of the Superior Court, we did so "upon condition that the Cochranton Telephone Company proceed forthwith to surrender [formally] all its charter rights as a telegraph company" and file a "proper certificate" to that effect in this court. Thereupon the corporation filed a certificate, in the form of an affidavit, averring a series of resolutions which recite, inter alia, its surren-

der of the charter rights as a telegraph company. On consideration, we entered an order to this effect: "It not appearing that the Cochranton Telephone Company has obtained a decree, as provided by the Act of April 9, 1856, P. L. 293, authorizing it to surrender its rights as a telegraph company, it is adjudged that the within certificate is insufficient." The Cochranton Company has now filed an affidavit with us averring that it had duly proceeded, under the Act of 1856, in the Court of Common Pleas of Crawford County, and secured a decree showing a proper surrender and extinguishment of all its charter rights as a telegraph company, a copy of the formal order of the court to that effect being attached as an exhibit.

We have set forth the foregoing proceedings in full, so that the steps necessary to be taken by telephone companies, which desire to gain the full benefit of the Act of 1919, may be placed on record; but we suggest that, in future cases like the one at bar, the proceedings in the common pleas, to surrender telegraph company rights, should be taken before the certificate of public convenience is granted, and, when such surrender is permitted, due proof thereof should be made to the Public Service Commission; or, if in any case it is deemed more expedient, the order granting the certificate of public convenience may be made conditional on a decree being obtained under the Act of 1856 and proof filed with the commission.

And now, April 18, 1921, it is adjudged that the condition attached to our affirmance of the judgment of the Superior Court, approving the order of the Public Service Commission, granting a certificate of public convenience to the Cochranton Telephone Company, allowing it to acquire the property, rights, franchises, etc., of the Merchants and Farmers Telephone Company, has been properly complied with, and the judgment in question is affirmed absolutely.