# Mitchell, Appellant, *v.* Public Service Commission (No. 1).

*Constitutional law—Act of May 20, 1921, P. L. 949—Telephone and telegraph companies—Purchase of competing telephone companies—Article XVI, section 12 of the Constitution of Pennsylvania—Act of July 22, 1919, P. L. 1123.*

The Act of May 20, 1921, P. L. 949, providing for the acquisition of a telephone company by a telegraph company or a telegraph company by a telephone company, is constitutional.

Prior to the Act of July 22, 1919, P. L. 1123, there was no express statutory provision in Pennsylvania for the incorporation of telephone companies as such. They were organized and existed as telegraph companies.

The Act of July 22, 1919, P. L. 1123, permitted the incorporation of telephone companies and made provisions for its acceptance by corporations already engaged in furnishing telephone service. It further provided that telephone companies incorporated under said act, or having become such by having accepted its provisions, might, with the approval of the Public Service Commission, acquire the lines or capital stock and franchises of other such telephone companies, even though they competed in business.

The Constitution of Pennsylvania does not mention telephone companies. They were not existing when the Constitution was adopted and are not embraced in the constitutional inhibition, (article XVI, section 12), against one telegraph company acquiring a competing telegraph line.

Argued October 2, 1922.    Appeal, No. 35, April T., 1923, by James E. Mitchell, Intervener, from order of the Public Service Commission of the Commonwealth of Pennsylvania, Application Docket, No. 5830, 1922, approving the sale by Pittsburgh and Allegheny Telephone Company to the Bell Telephone Company of Pennsylvania. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from order of the Public Service Commission, authorizing the issuance of a certificate of public convenience, evidencing the commission's approval of the

sale by the Pittsburgh and Allegheny Telephone Company to the Bell Telephone Company of Pennsylvania, and the acquisition by the latter company of all the physical and tangible property of the Pittsburgh and Allegheny Telephone Company.

The facts are stated in the opinion of the Superior Court.

The commission granted the petition and issued a certificate of public convenience, evidencing the approval of the sale.    James E. Mitchell, intervener, appealed.

*Lee C. Beatty,* for appellant.

*Patterson, Crawford, Miller & Arensburg,* for the Bell Telephone Company, intervening appellee.

*Weller and Wicks,* and with them *C. L. Wallace,* for Chartiers Telephone Company, intervening appellee.

*John Fox Weiss,* Assistant Counsel, and *Frank M. Hunter,* Counsel, for the Public Service Commission.

OPINION BY KELLER, J., December 14, 1922:

The Constitution of this State provides (article XVI, section 12) : "No telegraph company shall consolidate with, or hold a controlling interest in the stock or bonds of any other telegraph company owning a competing line, or acquire, by purchase or otherwise, any other competing line of telegraph."

It was decided in the case of Cochranton Telephone Co. v. P. S. C., 263 Pa. 506 (affirming 70 Pa. Superior Ct. 212), that a corporation chartered as a telegraph company but doing only a telephone business could not purchase the lines or stock and franchises of a competing corporation likewise chartered as a telegraph company but doing only a telephone business.    The decision rested on the ground that under the then subsisting statutes of Pennsylvania, a telephone company being nothing more nor less than a telegraph company was perforce subject

to the constitutional provisions affecting telegraph companies. At that time our statutes did not provide for the incorporation of telephone companies as such. They were organized and existed only as telegraph companies, but operated under such charter as telephone companies by reason of the likeness existing between certain parts of the physical apparatus common to both systems of communication. And the legislature by various acts recognized the legality of such procedure. But they were none the less telegraph companies, though operating only telephone lines.

The legislature of 1919, however, made a new departure. It passed an act for the incorporation of telephone companies and made provision for the acceptance of its provisions by corporations already engaged in the furnishing of telephone service, that is, by telegraph companies actually doing a telephone business; and it was further provided that telephone companies incorporated under said act or having become such by accepting its provisions might with the approval of the Public Service Commission, acquire the lines or capital stock and franchises of other such telephone companies even though they competed in business. See Act of July 22, 1919, P. L. 1123.

The constitutionality of that act was passed upon in Shaffer v. P. S. C., 268 Pa. 456, and it was held that as corporations incorporated as telephone companies, or which had become such by accepting the provisions of the Act of 1919 and formally surrendering their powers as telegraph companies, were telephone companies and not telegraph companies, the constitutional provisions relative to telegraph companies did not apply to them, and the purchase of one such telephone company by another and competing one, both having surrendered all their chartered powers as telegraph companies, was declared valid and legal, provided the Public Service Commission formally approved the same and granted its cer-

tificate that such purchase was for the accommodation and convenience of the public.

The Act of May 20, 1921, P. L. 949, goes a step further. It in effect provides that subject to the approval of the Public Service Commission a telephone company whether incorporated as such or having become such by accepting the provisions of the Act of 1919, supra, and surrendering its powers as a telegraph company, may acquire the capital stock, franchises and lines of a telegraph company incorporated prior to July 22, 1919, and engaged in the business of furnishing telephone and telegraph service, or either, but which has not accepted the provisions of the Act of 1919, aforesaid, whether or not they are competitors in business; and also the converse, that a corporation formed prior to July 22, 1919, and engaged in the business of furnishing telephone and telegraph service, or either, subject to the approval of the Public Service Commission may acquire the capital stock, franchises and lines of a telephone company, incorporated as such or having become such by accepting the provisions of the Act of 1919 and surrendering all its powers as a telegraph company.

This appeal questions the constitutionality of this act. The Bell Telephone Company of Pennsylvania is a telegraph company organized under the Act of 1874, prior to July 22, 1919, engaged in the business of furnishing telephone and telegraph service, which has not accepted the provisions of the Act of July 22, 1919, supra. The Pittsburgh & Allegheny Telephone Co. is a telephone company, which has become such by accepting the provisions of the Act of 1919 and surrendering all its powers as a telegraph company. They are competitors in the telephone business. The Public Service Commission has approved the purchase and granted its certificate of public convenience. The Act of 1921 expressly authorizes it. Does the constitutional provision above quoted forbid it?

The Constitution does not mention telephone companies. They were not in existence when the Constitution was adopted, and are not embraced within the constitutional inhibition. As was said in Shaffer v. P. S. C., 268 Pa. 456, 458, "That of which nothing was known forty-seven years ago could not then have been in the minds of the members of the constitutional convention when they submitted their work to the people for approval; and what is not there forbidden the legislature may do." The Bell Company is not, in the present transaction, consolidating with or purchasing or securing a controlling interest in the stock or bonds of any telegraph company, nor is it acquiring by purchase or otherwise any competing line of telegraph. It is buying the stock, franchises and property of a telephone company, a subject not mentioned in or forbidden by, the Constitution and therefore not beyond the power of the legislature to sanction or approve.

The situation must be considered just as if the Pittsburgh & Allegheny Company never had been incorporated as a telegraph company but had been chartered as a telephone company by legislative authority and always existed as such. In the absence of proof that there is no essential difference between a telegraph company and a telephone company, which is wholly lacking here—and see Shaffer v. P. S. C., 74 Pa. Superior Ct. 597, 603,— there is no constitutional objection to the legislature permitting a telegraph company to buy a competing telephone line, or a telephone company to buy a competing telegraph line, any more than there is against a telephone company buying a competing telephone line. We cannot write the word, telephone, into article XVI, section 12 of the Constitution.

Appellant is concerned lest by this procedure, one telegraph company actually engaged in the telegraph business may purchase or acquire a competing telegraph line, by having the latter accept the provisions of the Act of July 22, 1919, become a telephone company and then

sell its line to its competing rival.  He apparently over-looks the fact that the Act of 1919 applies only to corporations incorporated as telegraph companies but furnishing telephone service, and has no reference to telegraph companies engaged solely in the telegraph business; and that to take advantage of the act such company must first surrender all its powers as a telegraph company and may not thereafter engage in such business: Schaffer v. P. S. C., 270 Pa. 196.  Furthermore, the approval of the Public Service Commission is a necessary requisite in the procedure and it may be taken for granted that no colorable scheme to evade the Constitution will be approved by it.

The appeal is dismissed and the order of the commission is affirmed at the costs of the appellant.